UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANIEL BORSTELMANN, on behalf of himself and all others similarly situated, </br></br>Plaintiffs, </br></br>v. </br></br>APPLE INC., AT&T CORP., VERIZON WIRELESS SERVICES, LLC, T-MOBILE USA, INC., SPRINT CORP., and DOES 1-10, </br></br>Defendants. | **DEFENDANT REQUESTS TRIAL BY JURY** </br></br>Civil Action No.: </br></br>(Removed from the Circuit Court of the City of St. Louis, Missouri, Case No. 1722-CC12017) |

## NOTICE OF REMOVAL

**TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI, EASTERN DIVISION**

**PLEASE TAKE NOTICE THAT**, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, 1711, Defendant Apple Inc. hereby removes the above-captioned state court action, originally filed as Case No. 1722-CC12017 in the City of St. Louis Circuit Court in the State of Missouri, to the United States District Court for the Eastern District of Missouri.  Apple does not waive any of its defenses or rights by filing this notice of removal, and expressly preserves all defenses and rights.  Removal is proper for the reasons explained below.

### I.   BACKGROUND

On December 24, 2017, Plaintiff Daniel Borstelmann filed this putative class action lawsuit in the City of St. Louis Circuit Court, State of Missouri, Case Number 1722-CC12017.  Plaintiff alleged claims against Apple, AT&T Mobility, Verizon Wireless Services LLC, T-Mobile USA, and Sprint Corp. (collectively, "Defendants").  Apple was served with a copy of the complaint on February 2, 2018.

Plaintiff asserts claims against Defendants for (1) violations of the Missouri Merchandising Practices Act; (2) breach of implied warranty of merchantability; (3) breach of

implied warranty of fitness for a particular purpose; (4) fraudulent misrepresentation; and (5) negligent misrepresentation.  Plaintiff seeks to certify a class of:

> All Missouri residents who replaced any iPhone 5, iPhone 6 or iPhone 7 because of the slow performance of their Old iPhones led them to believe they had to upgrade their phones and purchase a newer model iPhone 7, iPhone 8 or iPhone X in order to remedy the slow operating of their Old iPhones and were not told by Defendants that a battery replacement would improve performance time, or that installing an iOS update would further slow or throttle their phones.

(Compl. ¶ 45.)

This Court has subject matter jurisdiction over this action and all claims asserted against Apple pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).  Because this Court has subject matter jurisdiction over this action, removal is proper pursuant to 28 U.S.C. §§ 1441 and 1453.

Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c) and 1441(a) because the United States District Court for the Eastern District of Missouri is the federal judicial district embracing the City of St. Louis Circuit Court, where the state court action was filed.

This Notice of Removal is timely and filed in compliance with 28 U.S.C. § 1446(b) because it is filed within thirty days after February 2, 2018, the date on which Apple was served with the Complaint.

Pursuant to 28 U.S.C. § 1446(a), true and accurate copies of all process, pleadings, and orders served upon Apple as of the date of this filing are attached as Exhibit "A."  Pursuant to 28 U.S.C. § 1446(d), Apple has filed this Notice with this Court, is serving a copy of this Notice upon counsel for all parties, and is filing a Notice of Filing of Notice of Removal in the City of St. Louis Circuit Court.  A copy of the Notice of Filing of Notice of Removal is attached as Exhibit "B."  Pursuant to Local Rule 2.03, attached as Exhibit "C" is a copy of the complete state court file.

## II. THIS COURT HAS JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

This Court has subject matter jurisdiction over this action and all claims asserted against Defendants pursuant to CAFA, 28 U.S.C. § 1332(d).

The Class Action Fairness Act applies "to any class action before or after the entry of a class certification order by the court with respect to that action."  28 U.S.C. § 1332(d)(8).  This case is a putative "class action" under the Act because it asserts "monetary relief claims of 100 or more persons [that] are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact."  *See* 28 U.S.C. § 1332(d)(11)(B)(i); *see also* Compl. ¶¶ 45-46, 48.

Under CAFA, federal courts have original jurisdiction over putative class actions where (1) any member of the putative class is a citizen of a state different from that of any defendant; (2) the putative class contains at least 100 members; and (3) the amount in controversy exceeds $5 million in the aggregate for the entire class, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d)(2), (d)(5)(B), and (d)(6).  This action satisfies all of these requirements:

*First*, the minimum diversity of citizenship criterion under CAFA requires that any member of the putative class is a citizen of a state different from that of any defendant.  Here, the named Plaintiff and proposed class representatives are citizens of Missouri.  (Compl. ¶¶ 1, 45.) Apple is a California corporation with a principal place of business in California, and therefore, a citizen of California.  28 U.S.C. § 1332(c)(1).  Defendants AT&T, Verizon, and T-Mobile USA are Delaware corporations.  (Compl. ¶¶ 3-5.)  Defendant Sprint is a Kansas corporation.  (Compl. ¶ 6.)  Because the proposed class representative and the members of the putative class are citizens of a state different from at least one defendant, the minimum diversity requirement is satisfied.  *See* 28 U.S.C. § 1332(d)(2)(A); 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

*Second*, the putative class contains at least 100 class members.  Specifically, Plaintiff alleges that the class is comprised of "[a]ll Missouri residents who replaced any iPhone 5, iPhone

3

6 or iPhone 7" over a nearly-five-year period because slow performance "led them to believe they had to upgrade . . . ." (Compl. ¶¶ 45, 47.) This broad class definition confirms that the proposed class consists of more than 100 members, and Plaintiff alleges that the "class is so numerous that joinder of all members is impractical" (*id*. ¶ 46) and that "[a]pproximately 43% of all smart phone users in Missouri operate iPhones" (*id*. ¶ 45, 47). Accordingly, the putative class contains at least 100 class members and is sufficiently large for CAFA federal jurisdiction.

*Third*, the amount in controversy exceeds $5 million in the aggregate for the entire class, exclusive of interest and costs. Although Defendant disputes that Plaintiff is entitled to any of the sums sought in the complaint (*see generally Dart Cherokee Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)), Plaintiff's allegations—if accepted—would place well in excess of $5,000,000 in controversy, exclusive of interest and costs. Plaintiff alleges that he and other consumers "incurred unnecessary costs and expenses" because they "purchas[ed] new and upgraded iPhones" when they "could have merely purchased a replacement battery." (Compl. ¶¶ 22, 23, 33, 35, 36, 40.) Although Plaintiff does not allege the specific price that he paid for his device, he asserts that "[he] and similarly situated consumers and customers and others have sustained damages in an amount of excess of $25,000" on each of his five causes of action, for a grand total of $125,000 just for Plaintiff. (Compl. ¶¶ 55, 60, 67, 77, 86.). Defendant reserves all of its objections to Plaintiff's claims and asserted damages, but for purposes of removal, the purported damages, when coupled with the request for attorney's fees (Compl., pp. 11, 12, 13, 15, 17), satisfy the amount in controversy requirement. *See*, *e.g.*, *Dart Cherokee*, 135 S. Ct. at 554; *Pudlowski v. The St. Louis Rams, LLC*, 829 F.3d 963, 964 (8th Cir. 2016).[1]

None of the CAFA exceptions to federal jurisdiction applies in this action. Because CAFA confers federal subject matter jurisdiction over this action and no exception applies, this action should remain in federal court.

---

[1] The Notice of Removal "need not contain evidentiary submissions," *Dart Cherokee*, 135 S. Ct. at 551, and Defendant reserves its right to submit evidentiary support should Plaintiff move for remand.

### III.     THIS COURT ALSO HAS JURISDICTION PURSUANT TO 28 U.S.C. § 1332(a)

Removal is also proper pursuant to 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between the parties (*supra* p. 3), and because the potential civil penalty sought by Plaintiff alone exceeds $75,000.  28 U.S.C. § 1332(a).

Dated:  February 20, 2018             Respectfully submitted,

*/s/ Matthew D. Knepper*
Christopher A. Smith #53266MO
Matthew D. Knepper #61731MO
HUSCH BLACKWELL LLP
190 Carondelet Plaza #600
St. Louis, MO 63105
Telephone: 314.480.1500
Facsimile:  314.480.1505
chris.smith@huschblackwell.com
matt.knepper@huschblackwell.com

Jordan T. Ault #59599MO
HUSCH BLACKWELL LLP
235 East High Street
Jefferson City, MO 65101
Telephone: 573.761.1123
Facsimile:  573.634.7854
jordan.ault@huschblackwell.com

Theodore J. Boutrous Jr., *Pro Hac Forthcoming*
Rachel S. Brass, *Pro Hac Forthcoming*
Christopher Chorba, *Pro Hac Forthcoming*
Theane Evangelis, *Pro Hac Forthcoming*
Timothy W. Loose, *Pro Hac Forthcoming*
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:     213.229.7000
Facsimile:     213.229.7520
tboutrous@gibsondunn.com
rbrass@gibsondunn.com
cchorba@gibsondunn.com
tevangelis@gibsondunn.com
tloose@gibsondunn.com

*Attorneys for Defendant Apple Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed with the Clerk of the Court and served via U.S. Mail, postage prepaid, on February 20, 2018, to:

Anthony G. Simon
THE SIMON LAW FIRM, P.C.
800 Market Street, Suite 1700
St. Louis, Missouri 63101

*Attorney for Plaintiffs*

*s/ Matthew D. Knepper*