**1722-CC12017**

Electronically Filed - City of St. Louis - December 24, 2017 - 11:20 PM

## IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
### STATE OF MISSOURI

DANIEL BORSTELMANN, on behalf   )
of himself and all others similarly situated,   )
  )
           Plaintiffs,   )
  )
  )
     vs.   )
  )
APPLE INC.,   )
Serve: CT Corporation System   )
      120 South Central Ave.   )
      St. Louis, MO 63105   )
      HOLD SERVICE   )
  )
AT&T CORP.,   )
Serve: CT Corporation System   )
      120 South Central Ave.   )
      St. Louis, MO 63105   )
      HOLD SERVICE   )
  )
VERIZON WIRELESS SERVICES, LLC,   )
Serve: CT Corporation System   )
      120 South Central Ave.   )
      St. Louis, MO 63105   )
      HOLD SERVICE   )
  )
T-MOBILE USA, INC.,   )
Serve: CSC Lawyers Incorporating   )
      Service Co.   )
      221 Bolivar Street   )
      Jefferson City, MO 65101   )
      HOLD SERVICE   )
  )
SPRINT CORP.,   )
Serve: CSC Lawyers Incorporating   )
      Service Co.   )
      221 Bolivar Street   )
      Jefferson City, MO 65101   )
      HOLD SERVICE   )
  )
and   )
  )
DOES 1-10.   )
           Defendants.   )

Cause No.:

Div.:

**CLASS ACTION PETITION**

**JURY TRIAL DEMAND**

1

Electronically Filed - City of St. Louis - December 24, 2017 - 11:20 PM

## CLASS ACTION PETITION

COMES NOW Plaintiff Daniel Borstelmann, by and through undersigned counsel, and for his class action lawsuit against defendants Apple Inc., AT&T Inc., Verizon Wireless, T-Mobile US, Inc., Sprint Corp. and Does 1-10 (collectively "Defendants") on behalf of himself and various classes of similarly situated individuals, pursuant to Missouri Rule of Civil Procedure 52.08, alleges as follows:

### Jurisdiction, Parties & Venue

1.      Plaintiff Daniel Borstelmann is a resident of the City of St. Louis, Missouri.

2.      Defendant Apple Inc. is a California corporation, and routinely conducts business in Missouri.

3.      Defendant AT&T Mobility LLC. ("AT&T") is a Delaware company, and routinely conducts business in Missouri.

4.      Defendant Verizon Wireless Services LLC ("Verizon") is a Delaware company, and routinely conducts business in Missouri.

5.      Defendant T-Mobile USA, Inc. ("T-Mobile") is a Delaware corporation, and routinely conducts business in Missouri.

6.      Defendant Sprint Corp. ("Sprint") is a Kansas corporation, and routinely conducts business in Missouri.

7.      Venue is proper in the City of St. Louis, Missouri because a substantial part of the events giving rise to the claims occurred in this venue.

8.      Venue is also proper because all of the defendants authorized to and have been conducting business in St. Louis, have intentionally availed themselves of the laws and markets

2

Electronically Filed - City of St. Louis - December 24, 2017 - 11:20 PM

of St. Louis, do substantial business in St. Louis and are subject to personal jurisdiction in St. Louis.

9.     This is a civil case in which the Circuit Court of the City of St. Louis, Missouri has original jurisdiction pursuant to Missouri Constitution, Article V, Section 14.

### General Facts Pertaining to All Claims

10.     Defendant Apple admittedly, knowingly and purposefully released operating system software ("iOS") updates to iPhone 5, iPhone 6, iPhone SE and iPhone 7 phones ("Old iPhones") that slowed or throttled down the performance speeds of the processing units of these phones.

11.     Defendant Apple admittedly, knowingly and purposefully slowed down the performance speeds and operating systems of Old iPhones allegedly because iOS updates were overusing or over-draining the batteries.

12.     Upon information and belief, Apple was knowingly and purposefully slowing down the performance speeds and operating systems of many of its other "i" products, including iPads and iPods, and the Apple Watch.

13.     Upon information and belief, Apple was knowingly and purposefully slowing down the operating speeds of its Old iPhones, iPads, iPods and Apple Watches which caused users of these devices to experience significant slowdowns in device performance and speed.

14.     Apple's purposefully and knowingly failed to inform or explain to its consumers and customers, including but not limited to Plaintiff, that the slowdowns in Old iPhones, iPads, iPods and Apple Watches' performances and resulting lost or diminished operating performance could be remedied by allegedly replacing the batteries of these devices.

Electronically Filed - City of St. Louis - December 24, 2017 - 11:20 PM

15.     Upon information and belief, Apple purposefully and knowingly failed to inform or explain to its customers, including but not limited to Plaintiff, in order to force consumers and customers to purchase updated and the newest iPhones, including certain iPhone 7 versions, as well as newer iPhones such as the iPhone 8 and iPhone X.

16.     Upon information and belief, Apple purposefully and knowingly failed to inform or explain to its customers, including but not limited to Plaintiff, in order to force consumers and customers to purchase updated and the newest iPads, iPods and Apple Watches.

17.     Upon information and belief, AT&T, Verizon, T-Mobile and Sprint sold the Old Phones, iPads, iPods and Apple Watches to consumers and costumers, including but not limited to Plaintiff, knowing that Apple was purposefully slowing down the operating speeds and without disclosing the same.

18.     Upon information and belief, AT&T, Verizon, T-Mobile and Sprint sold the Old Phones, iPads, iPods and Apple Watches to consumers and costumers, including but not limited to Plaintiff, knowing that Apple was purposefully slowing down the operating speeds in an attempt to force consumers and customers to purchase updated and the newest versions of iPhones, including certain iPhone 7 versions, as well as newer iPhones such as the iPhone 8 and iPhone X, and iPads, iPods and Apple Watches.

19.     Prior to purchasing the iPhone X, Plaintiff Borstelmann owned and utilized numerous iPhones, including the iPhone 5s, 6, 6s, and 7.

20.     Within a short period of time, Plaintiff Borstelmann noticed that his phones operating systems would slow down, particularly after certain iOS updates were performed.

21.     Over time, and because of inexplicable slow speeds and batteries getting worse, Plaintiff Borstelmann had to constantly upgrade his iPhones.

Electronically Filed - City of St. Louis - December 24, 2017 - 11:20 PM

22.    Had the iOS updates not caused his iPhones to inexplicably slow down and/or interfere with the batteries, Plaintiff Borstelmann would not have been forced to upgrade his iPhones as he was forced to do.

23.    Had Apple and/or AT&T, Verizon, T-Mobile and Sprint informed its consumers and customers, including but not limited to Plaintiff Borstelmann, that Apple was knowingly and purposefully slowing or throttling down Old iPhones' performances and operating systems, allegedly due to a battery issue, then Plaintiff Borstelmann and other similarly situated individuals could have merely purchased a replacement battery.

24.    On information and belief, owners of Old iPhones noticed similar slowdowns in operating performance and operating speeds.

25.    Apple and/or AT&T, Verizon, T-Mobile and Sprint knowingly and purposefully failed and refused to disclose or explain to Plaintiff Borstelmann and similarly situated consumers and customers that Apple was purposefully and admittedly slowing or throttling down operating speeds of Old iPhones.

26.    Apple and/or AT&T, Verizon, T-Mobile and Sprint knowingly and purposefully failed and/or refused to disclose or explain to Plaintiff Borstelmann and similarly situated consumers and customers that Apple was purposefully, knowingly and admittedly slowing or throttling down operating speeds of iPads, iPods and Apple Watches.

27.    Apple and/or AT&T, Verizon, T-Mobile and Sprint knowingly and purposefully failed and/or refused to disclose or explain to Plaintiff Borstelmann and similarly situated consumers and customers that slow or throttle downs were taking place after various iOS updates, and that the operation of the devices could allegedly be improved with replacement batteries.

Electronically Filed - City of St. Louis - December 24, 2017 - 11:20 PM

28.    Apple represented to Plaintiff Borstelmann and similarly situated consumers and customers that the iOS updates were necessary for optimal usage and operation of the Old iPhones, when they knew that it would slow or throttle down the speeds of the Old iPhones and iPads, iPods and Apple Watches.

29.    On December 20, 2017, Apple finally disclosed that it was and had been purposefully, knowingly and admittedly slowing or throttling down the operating speed of Old iPhones devices.

30.    Specifically, on December 20, 2017, Apple stated the following:

> Our goal is to deliver the best experience for customers, which includes overall performance and prolonging the life of their devices.  Lithium-ion batteries become less capable of supplying peak current demands when in cold conditions, have a low battery charge or as they age over time, which can result in the device unexpectedly shutting down to protect its electronic components.
> Last year we released a feature for iPhone 6, iPhone 6s and iPhone SE to smooth out the instantaneous peaks only when needed to prevent the device from unexpectedly shutting down during these conditions.  We've now extended that feature to iPhone 7 with iOS 11.2, and plan to add support for other products in the future.

31.    Apple and/or AT&T, Verizon, T-Mobile and Sprint knowingly and purposefully decided not to inform and disclose to Plaintiff Borstelmann and similarly situated consumers and customers that the performance speeds of Old iPhones would improve if the Old iPhones' batteries were replaced.

32.    Apple and/or AT&T, Verizon, T-Mobile and Sprint knowingly and purposefully failed to inform and disclose to Plaintiff Borstelmann and similarly situated consumers and customers that iOS updates were slowing down the operating speeds of the Old iPhones and iPads, iPods and Apple Watches.

Electronically Filed - City of St. Louis - December 24, 2017 - 11:20 PM

33.    As a result of Apple and/or AT&T, Verizon, T-Mobile and Sprint's failure to inform or disclose to consumers and costumers that replacing the battery would improve operating performance of Old iPhones, or that Apple was knowingly and purposefully slowing or throttling down operating speeds through iOS updates, Plaintiff Borstelmann and similarly situated consumers and customers were forced to and/or fraudulently induced into purchasing new and upgraded iPhones.

34.    Apple and/or AT&T, Verizon, T-Mobile and Sprint knew that the iOS updates made by Plaintiff Borstelmann and similarly situated consumers and customers were causing the Old iPhones and iPads, iPods and Apple Watches to become significantly less effective and useful.

35.    As a direct and proximate result of Apple and/or AT&T, Verizon, T-Mobile and Sprint's actions, Plaintiff Borstelmann and similarly situated consumers and customers incurred unnecessary costs and expenses, including unnecessarily purchasing new and upgraded iPhones.

36.    Neither Apple nor AT&T, Verizon, T-Mobile and Sprint informed Plaintiff Borstelmann and/or similarly situated consumers and customers that they could improve their Old iPhones performance by replacing the batteries of said Old iPhones, as opposed to purchasing a new iPhone or other phone.

37.    Apple and/or AT&T, Verizon, T-Mobile and Sprint knew that replacing the batteries, as opposed to purchasing a new iPhone or other phone, would have improved the performances of the Old iPhones owned by Plaintiff Borstelmann and similarly situated consumers and customers.

Electronically Filed - City of St. Louis - December 24, 2017 - 11:20 PM

38.    Apple and/or AT&T, Verizon, T-Mobile and Sprint knowingly and purposefully concealed, omitted and/or failed to disclose the fact that a battery replacement would improve the performance of Old iPhones without the need to purchase new iPhones and devices.

39.    Apple and/or AT&T, Verizon, T-Mobile and Sprint knowingly and purposefully concealed, omitted and/or failed to disclose the fact that iOS updates were causing Old iPhones and iPads, iPods and Apple Watches to slow or throttle down and not perform effectively.

40.    Replacing batteries in Old iPhones would have been less expensive than purchasing new iPhones or devices.

41.    Apple and/or AT&T, Verizon, T-Mobile and Sprint knew or should have known that withholding the aforementioned information would cause Plaintiff Borstelmann and similarly situated consumers and customers to spend more money through the purchase of new iPhones or devices.

42.    The aforementioned information pertaining to iOS updates and the knowing and purposeful slowing or throttling down of Old iPhones and iPads, iPods and Apple Watches was material information.

43.    Apple and/or AT&T, Verizon, T-Mobile and Sprint's failure to disclose the aforementioned material information was purposeful and within the intent to deceive and defraud.

44.    Moreover, Apple provided Plaintiff Borstelmann and similarly situated consumers and customers substandard charges that resulted in diminished battery life, which worsened the effectiveness of Old iPhones and upon information and belief, iPads, iPods and Apple Watches, and failed to disclose the same.

Electronically Filed - City of St. Louis - December 24, 2017 - 11:20 PM

### Class Action Allegations

45.     Pursuant to Rule 52.08 of the Missouri Rules of Civil Procedure, Plaintiff Borstelmann brings this action on behalf of himself and a statewide class of similarly situated individuals, defined as:

> All Missouri residents who replaced any iPhone 5, iPhone 6 or iPhone 7 because of the slow performance of their Old iPhones led them to believe they had to upgrade their phones and purchase a newer model iPhone 7, iPhone 8 or iPhone X in order to remedy the slow operating of their Old iPhones and were not told by Defendants that a battery replacement would improve performance time, or that installing an iOS update would further slow or throttle their phones.

46.     The class is so numerous that joinder of all members is impractical.

47.     Approximately 43% of all smart phone users in Missouri operate iPhones.

47.     The class period is January 1, 2013 to December 24, 2017.

48.     There are common questions of law and fact pertaining to the class members in that they are all Apple iPhone owners who had Old iPhones and upgraded to a newer model iPhone or device due to issues with their operating system or battery which were the result of a slow or throttle down of their Old iPhones.

49.     Plaintiff Borstelmann will fairly and adequately represent the class members.

### COUNT I – Violation of Missouri Merchandising Practices Act against All Defendants

50.     Plaintiff Borstelmann incorporates herein by reference the allegations contained in Paragraphs 1 through 49 as if fully set forth herein.

51.     Plaintiffs purchased the Old iPhones from Defendants for personal use.

52.     Defendants misrepresented and concealed the condition of the Old iPhones in that they did not notify Plaintiff Borstelmann and similarly situated consumers and customers that they were knowingly and purposefully slowing or throttling down the operating systems of Old iPhones and/or that the batteries were inadequate.

Electronically Filed - City of St. Louis - December 24, 2017 - 11:20 PM

53.    Defendants acted in reckless disregard for the welfare of Plaintiff Borstelmann and similarly situated consumers and customers and others, and with utter disregard and indifference of the attendant consequences, *inter alia*:

 a. Defendants failed to notify Plaintiff Borstelmann and similarly situated consumers and customers and others that the Old iPhones had inadequate batteries;

 b. Defendants failed to notify Plaintiff Borstelmann and similarly situated consumers and customers and others that replacing the batteries would improve iPhone performance;

 c. Defendants failed to notify Plaintiff Borstelmann and similarly situated consumers and customers and others that they were purposefully slowing or throttling down the Old iPhones;

 d. Defendants willfully and wantonly sold Plaintiff Borstelmann and similarly situated consumers and customers and others Old iPhones knowing that they were slowing or throttling the operating systems on said Old iPhones;

 e. Defendants willfully and wantonly misrepresented the condition of the Old iPhones and their operating systems and/or battery capabilities;

 f. Defendants willfully and wantonly concealed the condition of the Old iPhones and their operating systems and/or battery capabilities;

 g. Defendants willfully and wantonly acted in contravention of the Missouri Merchandising Practices Act;

 h. Defendants willfully and wantonly failed to comply with standards in the industry; and

 i. Defendants failed to notify Plaintiff Borstelmann and similarly situated consumers and customers and others of the above-referenced conditions of the Old iPhones, and Defendants' conduct was outrageous because of its evil motive or reckless indifference to the rights of Plaintiff Borstelmann and similarly situated consumers and customers and others.

54.    As a proximate result of Defendants' misrepresentations and concealments, Plaintiff Borstelmann and similarly situated consumers and customers have incurred and will continue to incur legal expenses and attorneys' fees in an amount yet to be determined.

Electronically Filed - City of St. Louis - December 24, 2017 - 11:20 PM

55.    As a proximate result of Defendant's misrepresentations and concealments, Plaintiff Borstelmann and similarly situated consumers and customers and others have sustained damages in an amount of excess of $25,000.

WHEREFORE, Plaintiff Borstelmann, individually and on behalf of similarly situated consumers and customers prays this Honorable Court enter judgment in its favor and against Defendants in an amount in excess of $25,000 and to be determined at trial, and award Plaintiff Borstelmann and similarly situated consumers and customers punitive damages in an amount sufficient to deter Defendants and others from such conduct in the future, together with costs, post-judgment interest, attorneys' fees, expenses and for such other and further relief as the Court may deem just and proper under the circumstances.

### COUNT II – Breach of Implied Warranty of Merchantability against All Defendants

56.    Plaintiff Borstelmann incorporates herein by reference the allegations contained in Paragraphs 1 through 55 as if fully set forth herein.

57.    Defendants sold the Old iPhones to Plaintiff Borstelmann and similarly situated consumers and customers.

58.    When Defendants sold the Old iPhones to Plaintiff Borstelmann and similarly situated consumers and customers, the Old iPhones were not fit for their ordinary purpose in that the Old iPhones had inadequate batteries and were purposefully being slowed or throttled down and their operating systems were inadequate and/or causing the Old iPhones to be inadequate and were otherwise not in good working order.

59.    Plaintiff Borstelmann and similarly situated consumers and customers notified Defendants of the Old iPhones not being fit for their ordinary purpose.

Electronically Filed - City of St. Louis - December 24, 2017 - 11:20 PM

60.    As a proximate result of the Old iPhones being unfit for their ordinary purpose, Plaintiff Borstelmann and similarly situated consumers and customers sustained damages in an approximate amount in excess of $25,000.

WHEREFORE, Plaintiff Borstelmann, individually and on behalf of similarly situated consumers and customers, prays this Honorable Court enter judgment in its favor and against Defendants in an amount in excess of $25,000 and to be determined at trial, and award Plaintiff Borstelmann and similarly situated consumers and customers punitive damages in an amount sufficient to deter Defendants and others from such conduct in the future, together with costs, post-judgment interest, attorneys' fees, expenses and for such other and further relief as the Court may deem just and proper under the circumstances.

## COUNT III – Breach of Implied Warranty of Fitness for a Particular Purpose against All Defendants

61.    Plaintiff Borstelmann incorporates herein by reference the allegations contained in Paragraphs 1 through 60 as if fully set forth herein.

62.    Defendants sold the Old iPhones to Plaintiff Borstelmann and similarly situated consumers and customers.

63.    Defendants knew or should have known at the time it sold the Old iPhones to Plaintiffs that the subject vehicle was intended to be used as a vehicle.

64.    Defendants knew or should have known at the time it sold the Old iPhones to Plaintiff Borstelmann and similarly situated consumers and customers who relied upon Defendants' skill, judgment and/or representations in selecting for purchase the Old iPhones.

65.    Plaintiff Borstelmann and similarly situated consumers and customers reasonably relied on Defendants' skills, judgments and/or representations in purchasing the Old iPhones.

Electronically Filed - City of St. Louis - December 24, 2017 - 11:20 PM

66.    When Defendants sold the Old iPhones to Plaintiff Borstelmann and similarly situated consumers and customers, the Old iPhones was not fit for its ordinary purpose in that the Old iPhones had inadequate batteries and were purposefully being slowed or throttled down and their operating systems were inadequate and/or causing the Old iPhones to be inadequate and were otherwise not in good working order.

67.    As a proximate result of the subject vehicle's being unfit for its particular purpose, Plaintiff Borstelmann and similarly situated consumers and customers sustained damages in an approximate amount in excess of $25,000.

WHEREFORE, Plaintiff Borstelmann, individually and on behalf of similarly situated consumers and customers, prays this Honorable Court enter judgment in its favor and against Defendants in an amount in excess of $25,000 and to be determined at trial, and award Plaintiff Borstelmann and similarly situated consumers and customers punitive damages in an amount sufficient to deter Defendants and others from such conduct in the future, together with costs, post-judgment interest, attorneys' fees, expenses and for such other and further relief as the Court may deem just and proper under the circumstances.

### COUNT IV – Fraudulent Misrepresentation against All Defendants

68.    Plaintiff Borstelmann and similarly situated consumers and customers incorporate herein by reference the allegations contained in Paragraphs 1 through 67 as if fully set forth herein.

69.    Defendants represented to Plaintiff Borstelmann and similarly situated consumers and customers that the Old iPhones were in good condition.

70.    Defendants' representations that the Old iPhones would operate effectively and adequately were false and misleading, *inter alia:*

Electronically Filed - City of St. Louis - December 24, 2017 - 11:20 PM

a.    Defendants concealed from Plaintiff Borstelmann and similarly situated consumers and customers and others that the Old iPhones had inadequate batteries;

b.    Defendants failed to notify Plaintiff Borstelmann and similarly situated consumers and customers that replacing the batteries would improve iPhone performance;

c.    Defendants failed to notify Plaintiff Borstelmann and similarly situated consumers and customers that they were purposefully slowing or throttling down the Old iPhones;

d.    Defendants willfully and wantonly sold Plaintiff Borstelmann and similarly situated consumers and customers and others Old iPhones knowing that they were slowing or throttling the operating systems on said Old iPhones;

e.    Defendants willfully and wantonly misrepresented the condition of the Old iPhones and their operating systems and/or battery capabilities;

f.    Defendants willfully and wantonly concealed the condition of the Old iPhones and their operating systems and/or battery capabilities;

g.    Defendants willfully and wantonly acted in contravention of the Missouri Merchandising Practices Act;

h.    Defendants willfully and wantonly failed to comply with standards in the industry; and

i.    Defendants failed to notify Plaintiff Borstelmann and similarly situated consumers and customers and others of the above-referenced conditions of the Old iPhones, and Defendants' conduct was outrageous because of its evil motive or reckless indifference to the rights of Plaintiff Borstelmann and similarly situated consumers and customers and others.

71.    Defendants' representations that the Old iPhones were in good condition were material to Plaintiff Borstelmann and similarly situated consumers and customers purchasing the Old iPhones.

72.    At the time Defendants represented to the Plaintiff Borstelmann and similarly situated consumers and customers that the Old iPhones were in good condition, Defendants knew said representations were false and misleading.

14

Electronically Filed - City of St. Louis - December 24, 2017 - 11:20 PM

73.    Defendants intended Plaintiff Borstelmann and similarly situated consumers and customers to act upon the representations made regarding the condition of the Old iPhones.

74.    Plaintiff Borstelmann and similarly situated consumers and customers were unaware that Defendants' representations were false and misleading.

75.    Plaintiff Borstelmann and similarly situated consumers and customers relied upon Defendants' representations in purchasing the Old iPhones.

76.    Plaintiff Borstelmann and similarly situated consumers and customers had a right to rely upon the truthfulness of Defendants' representations in purchasing the Old iPhones.

77.    As a proximate result of Defendants' fraudulent, false and misleading representations, Plaintiff Borstelmann and similarly situated consumers and customers have incurred and will continue to incur legal expenses and attorneys' fees in an amount yet to be determined and sustained damages in an amount in excess of $25,000.

WHEREFORE, Plaintiff Borstelmann, individually and on behalf of similarly situated consumers and customers, prays this Honorable Court enter judgment in its favor and against Defendants in an amount in excess of $25,000 and to be determined at trial, and award Plaintiff Borstelmann and similarly situated consumers and customers punitive damages in an amount sufficient to deter Defendants and others from such conduct in the future, together with costs, post-judgment interest, attorneys' fees, expenses and for such other and further relief as the Court may deem just and proper under the circumstances.

### COUNT V – Negligent Misrepresentation against All Defendants

78.    Plaintiffs incorporate herein by reference the allegations contained in Paragraphs 1 through 77 as if fully set forth herein.

15

Electronically Filed - City of St. Louis - December 24, 2017 - 11:20 PM

79.    Defendants sold Plaintiff Borstelmann and similarly situated consumers and customers the Old iPhones.

80.    In the ordinary course of their business, Defendants supplied customers and prospective customers with information meant to induce said individuals to purchase Old iPhones.

81.    Defendants represented to Plaintiff Borstelmann and similarly situated consumers and customers that the Old iPhones were in a good condition.

82.    Because of Defendants' failure to exercise reasonable care in the disbursement of information and representations pertaining to the Old iPhones, the information provided by Defendants to Plaintiff Borstelmann and similarly situated consumers and customers were false.

83.    The aforementioned information and representations were intentionally provided by Defendants to Plaintiff Borstelmann and similarly situated consumers and customers in order to induce them to purchase the Old iPhones.

84.    Plaintiff Borstelmann and similarly situated consumers and customers justifiably relied on the representations and information provided by Defendants.

85.    Further, Defendants' representations that the Old iPhones would operate effectively and adequately were false and misleading, *inter alia:*

        a.    Defendants concealed from Plaintiff Borstelmann and similarly situated consumers and customers and others that the Old iPhones had inadequate batteries;

        b.    Defendants failed to notify Plaintiff Borstelmann and similarly situated consumers and customers that replacing the batteries would improve iPhone performance;

        c.    Defendants failed to notify Plaintiff Borstelmann and similarly situated consumers and customers that they were purposefully slowing or throttling down the Old iPhones;

Electronically Filed - City of St. Louis - December 24, 2017 - 11:20 PM

d.      Defendants willfully and wantonly sold Plaintiff Borstelmann and similarly situated consumers and customers and others Old iPhones knowing that they were slowing or throttling the operating systems on said Old iPhones;

e.      Defendants willfully and wantonly misrepresented the condition of the Old iPhones and their operating systems and/or battery capabilities;

g.      Defendants willfully and wantonly concealed the condition of the Old iPhones and their operating systems and/or battery capabilities;

h.      Defendants willfully and wantonly acted in contravention of the Missouri Merchandising Practices Act;

i.      Defendants willfully and wantonly failed to comply with standards in the industry; and

j.      Defendants failed to notify Plaintiff Borstelmann and similarly situated consumers and customers and others of the above-referenced conditions of the Old iPhones, and Defendants' conduct was outrageous because of its evil motive or reckless indifference to the rights of Plaintiff Borstelmann and similarly situated consumers and customers and others.

86.      As a proximate result of Defendants' negligent misrepresentations, Plaintiff Borstelmann and similarly situated consumers and customers sustained damages in an approximate amount in excess of $25,000.

WHEREFORE, Plaintiff Borstelmann, individually and on behalf of similarly situated consumers and customers, prays this Honorable Court enter judgment in its favor and against Defendants in an amount in excess of $25,000 and to be determined at trial, and award Plaintiff Borstelmann and similarly situated consumers and customers punitive damages in an amount sufficient to deter Defendants and others from such conduct in the future, together with costs, post-judgment interest, attorneys' fees, expenses and for such other and further relief as the Court may deem just and proper under the circumstances.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS.**

Electronically Filed - City of St. Louis - December 24, 2017 - 11:20 PM

Respectfully submitted,

_____

Richard I. Woolf, #58146
BOYLE BRASHER LLC
One Metropolitan Square
211 North Broadway, Suite 2300
St. Louis, Missouri 63102
(314) 621-7700
(314) 621-1088 (Fax)
rwoolf@boylebrasher.com

18